IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| v. | * | |
| KENNETH RONALD ROBINSON, | * | Criminal No.: RDB-13-0530 |
| | * | |
| Defendant. | | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM ORDER

In May of 2014, Defendant Kenneth Ronald Robinson ("Robinson" or "Defendant") pled guilty to one count of Sex Trafficking in violation of 18 U.S.C. § 1591(a). (ECF No. 111.) This guilty plea was entered pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. (Judgment, ECF No. 177; Plea Agreement ECF No. 112.) The plea agreement specifically provided that the Government and Robinson agreed to a sentence in the range of 121 to 168 months' imprisonment. (ECF No. 112). Consistent with that agreement, on October 28, 2014, this Court sentenced Robinson to 144 months' imprisonment with credit for time served in custody since October 3, 2013 and a supervised release term of 25 years. (ECF No. 177.)

Now pending is Robinson's *pro se* Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c) (ECF No. 242), in which he seeks immediate release from Fort Dix FCI. Robinson represents that he is uniquely susceptible to suffering severe illness if he were to contract COVID-19 because he suffers from hypertension and therefore has shown extraordinary and compelling reasons warranting his release. (*Id.*) However, even if

1

hypertension were sufficient to create extraordinary and compelling reasons, Robinson has not presented any evidence that he has exhausted administrative remedies as required to seek this Court's relief, and his Motion for Compassionate Release (ECF No. 242) is DENIED.

## BACKGROUND

On October 1, 2013 Defendant Robinson was charged in a criminal indictment. (ECF No. 1.) That indictment was superseded on January 28, 2014, and again on May 6, 2014. (ECF Nos. 60 *SEALED* and 92.) The Second Superseding Indictment charged the Defendant with Conspiracy to Commit Sex Trafficking, in violation of 18 U.S.C. § 1594(c) (Count One); Sex Trafficking, in violation of 18 U.S.C. § 1591(a) (Count Two); and Use of Interstate Facilities to Promote Enterprise involving Prostitution Offense, in violation of 18 U.S.C. § 1952(a)(3) (Count Three). (ECF No. 92.) On May 29, 2014, pursuant to a Rule 11(c)(1)(C) Plea Agreement, Defendant Robinson pled guilty to Count Two of the Superseding Indictment. (ECF No. 111.)

Under the terms of the Plea Agreement, Robinson made certain factual and Guidelines stipulations. (ECF No. 112.) As to the facts, Robinson stipulated that a 14-year-old female was recovered from the Towson East Motel in Baltimore in June of 2013. (*Id.*) She stated that she had been staying with two of Robinson's co-Defendants at the request of Robinson and that he introduced her to the co-Defendants to engage in prostitution. (*Id.*) She also stated that she and Robinson had sex and that she had sex with another individual at Robinson's direction. (*Id.*) As to the Guidelines, the Defendant stipulated to an agreed base offense level of 30 and a final offense level between 31 and 33 based on his use of a computer, the involvement of sexual contact, his role as a organizer, leader, manager, or supervisor in the

2

criminal activity, and his prompt acceptance of responsibility. (*Id.*) The parties agreed to a sentence in the range of 121 to 168 months' imprisonment. (*Id.*) On October 28, 2014, this Court sentenced Robinson to 144 months' imprisonment with credit for time served in custody since October 3, 2013, and a supervised release term of 25 years. (ECF No. 177.) Robinson is currently housed at Fort Dix FCI.

In early 2020, the COVID-19 pandemic began to spread throughout the United States. *See In re: Court Operations Under the Exigent Circumstances Created by COVID-19*, Case 1:00-mc-00308, Standing Order 2020-05 (D. Md. Mar. 20, 2020). On July 31, 2020, Robinson moved for his immediate release in light of this ongoing pandemic, asserting that he suffers from "high blood pressure and hypertension" which put him at increased risk of severe illness from COVID-19. (ECF No. 242.) That same day, the Clerk of this Court instructed Robinson to submit certain information to the Office of the Federal Public Defender to facilitate its review of his case. (ECF No. 244.) On August 28, 2020, the Office of the Federal Public Defender filed correspondence indicating that it had not received the requested information related to exhaustion of administrative remedies from Robinson, and that it would not supplement his *pro se* Motion. (ECF No. 245.)

## ANALYSIS

The First Step Act of 2018, Pub. L. No. 115–391, 132 Stat. 5194, established significant changes to the procedures involving compassionate release from federal prison. Prior to the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i) provided the Bureau of Prisons ("BOP") with sole discretion to file compassionate release motions with the Court. With the passage of the First Step Act, defendants are now permitted to petition federal courts directly for compassionate

release whenever "extraordinary and compelling reasons" warrant a reduction in sentence. The Act permits a defendant to seek a sentence reduction after he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Once these mandatory conditions are satisfied, this Court may authorize compassionate release upon a showing of "extraordinary and compelling reasons" warranting a reduction; that the defendant is no longer a danger to the community; and a finding that a reduction in sentence is consistent with the factors presented in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A)(i); U.S.S.G. § 1B1.13.

In this case, Robinson has failed to demonstrate that he exhausted his administrative remedies. As provided above, on July 31, 2020, Robinson filed the presently pending *pro se* Motion for Compassionate Release. (ECF No. 242.) That same day, the Clerk of this Court mailed Robinson a letter informing him of the required procedures to pursue his Motion, which includes filing a request with the warden of his institution pursuant to 18 U.S.C. § 3582(c)(1)(A) and providing the Office of the Federal Public Defender with such information to assist him with his motion. (ECF No. 244.) On February 11, 2021, the Office of the Public Defender filed correspondence stating that it had not received any documents regarding Robinson's exhaustion of administrative remedies and that it would not be supplementing Robinson's motion. (ECF No. 245.) Robinson has failed to provide any evidence that he attempted to exhaust his remedies before seeking relief from this Court.

Specifically, he has not demonstrated that he petitioned the Bureau of Prisons for release and that 30 days have elapsed. Accordingly, his Motion is premature.

Even if Robinson had exhausted his administrative remedies, his Motion would still fail as he has not shown that there are extraordinary and compelling reasons for this Court to grant his release. The United States Sentencing Commission is charged with defining "what should be considered extraordinary and compelling reasons for sentence reduction" under § 3582(c)(1)(A). 28 U.S.C. § 994(t). Of relevance here, the Commission has determined that "extraordinary and compelling reasons" exist where a defendant is "suffering from a serious physical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A). Additionally, the Sentencing Commission has authorized the BOP to identify other extraordinary and compelling reasons "other than, or in combination with" the reasons identified by the Commission. *Id.* § 1B1.13 cmt. n.1(D).

Although potentially useful guides, neither the Sentencing Commission's guidelines nor the Bureau of Prisons' regulations constrain this Court's analysis. As Judge Blake of this Court has recognized, the First Step Act embodies Congress's intent to reduce the BOP's authority over compassionate release petitions and authorizes the district courts to exercise their "independent discretion to determine whether there are 'extraordinary and compelling reasons' to reduce a sentence." *United States v. Bryant*, CCB-95-0202, 2020 WL 2085471, at *2 (D. Md. Apr. 30, 2020). Exercising that discretion, this Court has determined that a heightened susceptibility to COVID-19 may present extraordinary and compelling reasons for a sentence

5

reduction.  *See, e.g., United States v. Hurtt*, JKB-14-0479, 2020 WL 3639987, at *1 (D. Md. July 6, 2020).

In his motion, Robinson claims that the extraordinary and compelling reasons in this case are the COVID-19 pandemic and the fact that he suffers from hypertension, or high blood pressure. The Center for Disease Control and Prevention ("CDC") differentiates between medical conditions which *do* increase one's risk of severe illness upon contracting COVID-19 and conditions which *might* increase one's risk of severe illness; hypertension falls into the latter category.  *See* CDC, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited April 6, 2021).  The Department of Justice has taken the position that if an inmate has a serious underlying medical condition that the CDC believes *will* put the person at increased risk of severe illness upon contracting COVID-19, then the inmate has satisfied his or her burden of establishing a serious medical condition that constitutes an extraordinary and compelling reason.  However, Robinson does not claim to have such a condition; rather, he has a single medical condition that *might* increase his risk of severe illness.  Alone, hypertension "does not constitute an extraordinary and compelling reason which justifies a reduction in sentence." *United States v. Joyner*, No. RDB-17-0483, 2021 WL 781701, at *3 (D. Md. Mar. 1, 2021) (citing *U.S. v. Thomas*, 471 F. Supp. 3d 745, 749 (W.D. Va. 2020)[1]).

---

[1] In *U.S. v. Thomas*, the court noted, "[d]uring the pandemic, courts in this district and across the country have released individuals suffering from hypertension, but only when these individuals also suffered from other underlying medical conditions." 471 F. Supp. 3d at 749.  *See e.g., United States v. Harper*, No. 7:18-cr-25, 2020 WL 2046381, at *1 (W.D. Va. Apr. 28, 2020) (granting compassionate release where inmate suffered from heart disease, asthma, hypertension, and sleep apnea); *United States v. Galloway*, No. 1:10-cr-077, 2020 WL 2571172, at *3 (D. Md. May 21, 2020) (granting compassionate release where inmate suffered from Type II diabetes, hepatitis B, anxiety, hypertension, a thyroid

## CONCLUSION

Accordingly, for the reasons stated above, it is HEREBY ORDERED this 7th Day of April, 2021, that Defendant Robinson's Motion for Compassionate Release (ECF No. 242) is DENIED.

_____/s/_____
Richard D. Bennett
United States District Judge

---

disorder, a seizure disorder, and gastritis); *United States v. Ennis*, No. 02-cr-1430, 2020 WL 2513109, at *3, 6 (W.D. Tex. May 14, 2020) (granting compassionate release where inmate suffered from degenerative spine disease, diabetes, mellitus, hypertension, arthritis, asthma, hypothyroidism, and hyperlipidemia, in addition to being 71 years old); *United States v. Diep Thi Vo*, No. 15-cr-310, 2020 WL 2300101, at *3 (N.D. Cal. May 7, 2020) (granting compassionate release where inmate suffered from hyperlipidemia, hypertension, vision issues, and osteoarthritis, in addition to being 74 years old)."